KEITH, Curator, &c. *v.* CITY OF NEW ORLEANS.

Where an obligation bears interest on its face, it is not necessary to protest the same to make it carry interest. C. C. 1931.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
Clarke & Bayne, for plaintiff. *Livingston*, for defendant and appellant.

BUCHANAN, J. The obligation of defendant bore interest upon its face, from date. It was not necessary, therefore, for a protest in order to make it carry interest, C. C. 1931.

The city advertised on the 28th of August, 1852, that it was ready to pay all obligations ; and that it would resist the payment of interest after that date. But there is no proof, nor even allegation, that this advertisement came to the knowledge of plaintiff.

Judgment affirmed, with costs.

IN THE MATTER OF AMELIA & VIRGINIA SEGHERS.*

In proceedings to emancipate a minor under the Statute of 1847, when the family meeting has not given a satisfactory detail of the causes which make the emancipation necessary or desirable, and where it does not state the situation, nature and amount of the minors property, it is discretionary with the District Judge to refuse its homologation.

APPEAL from the District Court of the parish of West Baton Rouge.
Julien Seghers, for the applicant.

SLIDELL, C. J. This is an appeal from the refusal of the District Judge to homologate the proceedings of a family meeting, and to decree the emancipation of the minors. The reasons for his refusal are fully and forcibly stated by the District Judge, and his conclusion meets our concurrence. We cannot recognize the doctrine that in a proceeding under the Statute of 1847, where the family meeting has not given a satisfactory detail of the causes which make the emancipation necessary or desirable, and where the Judge is left wholly uninformed as to the situation, nature and amount of the minor's property, he is to be considered a mere automaton, to sign an homologation, stripped of any judicial discretion, and excluded from enquiring whether according to the evidence before him and his conscientious conviction, the welfare of the minor will be promoted by the decree.

Judgment affirmed, costs to be paid by appellant.

*An application to put this case on the summary docket was refused.